YETTA BLUM, Landlord, Respondent, v. JOSEPH GOLDEN, Tenant, Appellant.

Supreme Court, Appellate Term, Second Department, October 20, 1949.

*Henry Edelman* for appellant.

*Abraham Pruzan* for respondent.

*Per Curiam.* When the lease in question was entered into the dwelling unit was not subject to Federal rent control since it had been occupied by a member of the landlord's immediate family continuously during the period February 1, 1945, to March 30, 1948 (Housing and Rent Act of 1947, § 202, subd. [c], par. [3], as amd.; U. S. Code, tit. 50, Appendix, § 1892). The said lease is not a " statutory lease " as defined in section 825.24 of the Controlled Housing Rent Regulation, New York City Defense-Rental Area, amendment 12, April 1, 1949. Under the Housing and Rent Act of 1949 (Public Law 31, 81st Cong., 1st Sess.), which became effective April 1, 1949, the dwelling unit involved herein was recontrolled. Accordingly, the maximum rent therefor is the rent which was in effect on June 30, 1947, as established under the Emergency Price Control Act of 1942 as amended (U. S. Code, tit. 50, Appendix, § 901 *et seq.*). It is the same rent as was collected by the landlord on March 1, 1943, and as stated in the rental registration on file in the Office of the Housing Expediter. This conclusion is not to be regarded, however, as precluding the landlord from seeking appropriate relief by applying to the Housing Expediter.

The final order should be unanimously modified upon the law by reducing the landlord's recovery to $27 and disbursements and as so modified affirmed, with $25 costs to the tenant.

Steinbrink, Fennelly and Rubenstein, JJ., concur.

Ordered accordingly.